758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES BOSZE, PETITIONER,
v.
NORTH AMERICAN COAL CORP., EMPLOYER-RESPONDENT.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, BENEFITS
REVIEW BOARD, PARTY-IN-INTEREST RESPONDENT.
 NO. 84-3126
 United States Court of Appeals, Sixth Circuit.
 2/1/85
 
 On Appeal From The Benefits Review Board
 BEFORE: ENGEL, KEITH and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner James Bosze seeks black lung benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et. seq. He appeals from an order of the Benefits Review Board affirming the determination by an administrative law judge (ALJ) that his application for benefits should be denied. The ALJ found petitioner had successfully raised the interim presumption of total disability from pneumoconiosis by presenting x-ray evidence of the disease. However, after fully reviewing medical evidence and considering the testimony taken at the administrative hearing in December 1980, the ALJ concluded the presumption was rebutted by medical evidence that petitioner was able to perform his former or comparable work and by petitioner's failure to establish disability under 20 C.F.R. Secs. 718.204., 718.305. We affirm for the following reasons.
 
 
 2
 Petitioner is a sixty-four year old former coal miner with an eighth grade education and at least thirty years employment in the mines. In March 1976, petitioner retired. In his application for black lung disability benefits petitioner indicated he retired because of age and that he suffered no debilitating respiratory illness. At the hearing petitioner testified that since retiring he has not worked full-time because he would lose his pension by making more than $200 a month. Petitioner stated that he presently works around the trailer park where he lives. Petitioner occasionally helps place mobile homes on blocks and handles electric work. He earns as much as $180-185 per month for performing these tasks.
 
 
 3
 The medical evidence includes chest x-ray interpretations, ventilatory and arterial blood gas studies and physician's reports. Dr. Herbert Grodner, a pulmonary specialist, examined petitioner on January 19, 1979 at the request of the Department of Labor. Dr. Grodner diagnosed simple pneumoconiosis by x-ray and advised against further dust exposure. After reviewing the non-qualifying pulmonary function studies, Dr. Grodner determined that they revealed no functional respiratory or pulmonary impairment. At the hearing, Dr. Grodner acknowledged that a return to coal mine work may be prevented by the petitioner's age or his subjective complaints of shortness of breath. Based on petitioner's testimony, Dr. Grodner stated petitioner would not be able to perform his former mining duties or comparable work. However, Dr. Grodner also stated that the results of his physical examination and the objective medical data indicated petitioner had no impairment due to coal workers' pneumoconiosis and that he was capable of physical labor.
 
 
 4
 At the employer's request, Dr. John Picken, another pulmonary specialist, examined petitioner on July 5, 1979 and diagnosed pneumoconiosis by chest x-ray. Dr. Picken reviewed the non-qualifying pulmonary function studies and noted normal residual volume and total lung capacity. Although the non-qualifying arterial blood gas studies revealed minial hypoxemia, Dr. Picken noted that petitioner did not suffer from a mechanical respiratory impairment. Dr. Picken concluded that the miner's condition represented 'early simple pneumoconiosis without measurable disability.'
 
 
 5
 In support of his claim for benefits, petitioner submitted a medical report from Dr. Dan Daneshvari. Based on a chest x-ray, Dr. Daneshvari diagnosed mild simple coal workers' pneumoconiosis. He noted that the non-qualifying arterial blood gas values were normal. Dr. Daneshvari also reviewed the non-qualifying pulmonary function studies and diagnosed mild chronic obstructive lung disease consisting of mild chronic bronchitis and pulmonary emphysema. Based on petitioner's age, education, background and clinical evidence of shortness of breath, Dr. Daneshvari concluded that petitioner was totally and permanently disabled for coal mining or comparable work.
 
 
 6
 In black lung cases, our review is limited to determining whether the decision to deny petitioner benefits is based on substantial evidence. Moore v. Califano, 633 F.2d 727, 729 (6th Cir. 1980). Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971). Viewing the record as a whole, we find substantial evidence to support the ALJ's determination.
 
 
 7
 In addition to the facts noted above, none of the pulmonary function studies or blood gas studies meets the regulatory level indicating disability. Dr. Daneshvari, while noting total disability, attributed his finding of total disability to age, education and shortness of breath. The clinical evidence underlying Dr. Daneshvari's medical examination, however, shows no more than a mild degree of chronic obstructive pulmonary disease. The ALJ specifically found that reports from Drs. Grodner and Picken, certified pulmonary specialists, deserved greater consideration than the diagnosis from a general practitioner or other specialist. In his application for black lung benefits, petitioner states he retired due to his age and that respiratory illness would not prevent him from performing his usual coal mine employment. On a patient questionnaire petitioner completed in May 1978, petitioner declined to check spaces provided for indicating chest pain due to shortness of breath with or without exertion; he did, however, check spaces indicating he suffered from headaches, impaired hearing and muscular pain. In July 1978, petitioner explained to Dr. Picken that his daily activities were not seriously impaired by breathlessness, as seen by petitioner's work around the trailer park. The ALJ accordingly discounted the credibility of petitioner's testimony about his respiratory illness, and any opinion based thereon. We find no error in this judgment as it is supported by substantial evidence.
 
 
 8
 Petitioner also argues the ALJ's finding that he can still perform his usual coal mine work is not supported by substantial evidence. We do not agree. Diagnoses of petitioner's mild lung condition suggest he should not work in a dusty environment. However, where the presumption of disabling pneumoconiosis is not sustained, total disability under the Act requires petitioner to shown that due to pneumoconiosis he cannot perform his usual coal mine work and that he has an inability to engage in gainful employment in the immediate area of his residence. 20 C.F.R. Sec. 718.204. The record establishes petitioner regularly works around the trailer park where he lives and that occasionally he performs heavy physical labor. The only reason petitioner cited for not working full time was a fear that he would lose his pension if his earnings exceeded $200 per month. Nothing in the record shows petitioner could not perform his former level of physical labor in a relatively dust free work environment at the mine site or elsewhere. Thus, petitioner failed to establish disability as defined under the Black Lung Benefits Act. See 20 C.F.R. Secs. 718.204-718.305.
 
 
 9
 Petitioner contends that because his black lung condition will progressively worsen, the ALJ's finding that he can still perform his usual coal mining work constitutes reversible error. This contention is without merit. The Act requires payment of benefits only for total disability due to pneumoconiosis. Gibas v. Saginaw Mining Co., No. 83-3408, slip op. at 14 (6th Cir. Nov. 26, 1984). Future or partial disabilities provide no basis upon which to award benefits under the Act. Id.; see 30 U.S.C. Secs. 902(a), 902(f)(1).
 
 
 10
 Finally, contrary to petitioner's argument on appeal, the ALJ did not ignore evidence favorable to petitioner. A simple reading of the opinion shows the ALJ considered all testimony and medical reports. In our view, the ALJ's conclusion is derived from the record as a whole and is supported by substantial evidence. Accordingly, the decision of the Benefits Review Board is affirmed.